In the Matter of a CRIMINAL INVESTIGATION.

No. 19914.

Supreme Court of Utah.

June 11, 1987.

David Wilkinson, Robert Parrish, and Paul Warner, Salt Lake City, for Atty. Gen.'s Office.

Jay Barney, Murray, for Cottonwood Sec. Bank.

HOWE, Justice:

The attorney general seeks reversal of a district court's order requiring reimbursement to Cottonwood Security Bank for costs it incurred producing bank records for the attorney general's office pursuant to a subpoena in a criminal investigation.

In January of 1982, the attorney general applied to the Third District Court for an order authorizing it to issue subpoenas in aid of a criminal investigation pursuant to Utah Code Ann. § 77–22–2 (1982). The court authorized the attorney general to subpoena witnesses, compel their attendance and testimony under oath, and "require the production of books, papers, documents, recordings" and other evidence relevant to the investigation. Under this order, the attorney general subpoenaed Cottonwood Security Bank, the respondent, requiring it to reproduce all books, records, documents, or papers in its possession which related to the checking account of the person under investigation. The bank partially complied and then refused to comply with the remainder of the subpoena, unless it was compensated for its costs of reproducing the documents, including photocopies and employee time.

The bank sought a declaratory judgment. At the hearing, the district court ordered the bank to reproduce the remainder of the documents pending its ruling on the issue of reimbursement. The bank complied and subsequently billed the attorney general's office for its costs. The court ruled that Utah Code Ann. § 77–22–2(2) (of the Subpoena Powers in Aid of Criminal Investigations Act) required the attorney general to reimburse the bank for its costs of producing records to comply with an investigative subpoena. The court held section 77–22–2(2), which provides that "[w]itness fees and expenses shall be paid as in a civil action," to be controlling, ruling that the costs of producing records constituted "witness fees and expenses." The attorney general brings this appeal.

Two issues are presented for our determination. First, whether Utah Code Ann. § 78–27–50 (1977) exempts the attorney general from reimbursing the bank for the costs of producing records pursuant to its subpoena in an official investigation, and second, if there is no exemption, does the phrase "fees and expenses" in section 77–22–2(2) include costs for reproducing documents?

The attorney general contends that it is exempted by statute from reimbursing financial institutions for the costs of producing records when the records are subpoenaed pursuant to an official investigation. It relies on two sections of the Financial Privacy Information Act—section 78–27–48, which provides that any financial institution that produces records shall be reimbursed for costs, and section 78–27–50, which provides an exemption from the Act for law enforcement agencies, including the attorney general, "where an examination of said records is a part of an official investigation."

■ The attorney general misreads the exemption. Section 78–27–50 provides: *"Nothing in this act shall apply where an examination of said records is a part of an official investigation* by any local police, sheriff, city attorney, county attorney,

*the attorney general,* or the state department of public safety, or the bureau of recovery services, department of social services." (Emphasis added.) That section clearly exempts law enforcement agencies, including the attorney general, from all provisions of the Act, not just the requirement of paying costs. Nothing in the Act applies to an investigation by the attorney general; therefore, the Act has no bearing on the question before us.

■ The attorney general next contends that the "fees and expenses" allowed under section 77–22–2(2) do not include costs of photocopying documents. We disagree. Generally, a witness is entitled only to compensation as provided by statute. 81 Am. Jur.2d *Witnesses* § 23. Under our statutory scheme, a witness in a civil case is entitled to receive a daily attendance fee and a mileage allowance. Utah Code Ann. § 21–5–10 (1984). However, section 77–22–2(2), under which the attorney general issued an investigative subpoena to the bank, requires the payment of witness fees *and expenses.* It specifically mandates that payment of these costs shall be made as "in a civil action." It is reasonable to conclude that the legislature must have intended that reimbursement for costs of producing copies would be included in the broader term "expenses" in section 77–22–2(2). This is because Rule 45(b), Utah Rules of Civil Procedure, authorizes the court to order compliance with a subpoena upon the payment of the "reasonable cost of producing the books, papers, documents, or tangible things." Therefore, the district court properly ordered the attorney general to pay costs "as in a civil action."

Affirmed.

HALL, C.J., STEWART, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.